# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KENDRICK JACKSON,**

        **Plaintiff,**

        **v.**                            **Case No. 06-C-660**

**CITY OF MILWAUKEE POLICE OFFICERS
DETECTIVE VICKEY HALL,
P.O. DENNIS DALTON, P.O. GARY BROWN,
P.O. JOHN A. DOE, P.O. JOHN B. DOE,
P.O. JOHN C. DOE, P.O. JOHN D. DOE,
P.O. JOHN E. DOE, P.O. JOHN F. DOE, and
P.O. JOHN G. DOE,**

        **Defendants.**

---

# ORDER

---

        The plaintiff, Kendrick Jackson, who is proceeding *pro se,* is presently incarcerated at the Milwaukee County Jail. On June 6, 2006, the plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a petition to proceed *in forma pauperis*.

        The plaintiff is required to pay the statutory filing fee of $350 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist,

collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has paid an initial partial filing fee of $14.78.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious or that fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which no relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.

2

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

3

The plaintiff is being detained at the Milwaukee County Jail awaiting trial on four counts of first degree sexual assault with a dangerous weapon, two counts of kidnapping and one count of armed robbery with threat of force. The defendants are police officers for the Milwaukee Police Department: Vickey Hall, Dennis Dalton, Gary Brown and seven unidentified "John Doe" officers. The plaintiff alleges that on December 30, 2005, members of the Milwaukee Police Department were in his neighborhood looking for a Pontiac Bonneville automobile they believed was used in connection with various crimes that occurred in the area. He contends that at approximately 11:30 a.m. on that day, defendant Vickey Hall knocked on the door of his residence after she noticed a "'94' Pontiac Bonneville" parked in front of his residence. After the plaintiff's girlfriend "partially opened the door," detective Hall allegedly noticed the plaintiff in the living room and "stepped in the doorway and pushed the door completely open and told Police Officers Dennis Dalton, Gary Brown, and a few John Doe officers to go in and arrest the plaintiff without producing an arrest or search warrant." Thereafter, in accordance with detective Hall's instructions, the other defendants allegedly conducted a search of the plaintiff's residence and arrested him without probable cause.

The plaintiff's unlawful search and arrest claims implicate his rights under the Fourth Amendment which protects individuals from unreasonable searches and seizures. *E.g., Haywood v. City of Chicago*, 378 F.3d 714 (7th Cir. 2004). To comply with the Fourth Amendment, an arrest must be supported by probable cause. *United States v. Askew*, 403

4

F.3d 496, 506-507 (7th Cir. 2005). Probable cause exists where an officer believes, in light of the facts known to him at the time, that an individual has committed or is committing a crime. *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006). The existence of probable cause precludes an action for false arrest. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003); *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991).

At this stage in the proccedings, plaintiff's allegations are sufficient to state unlawful arrest and search claims. He alleges that the victims of the crimes which the defendants were investigating never picked him out as a suspect "after looking through the Milwaukee Police Department Photograph Book," he wasn't "named as a suspect from any other source," and his "name never came up at any time in the investigation prior to the illegal arrest and search and seizure in [his] home." (Complaint at 2.) These allegations arguably support his contention that the defendants lacked probable cause to search his residence and arrest him without a warrant.

However, before the court can allow the plaintiff to proceed on these claims, the court must find that they are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars civil actions seeking damages where a decision in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's conviction or sentence unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" under 28 U.S.C. §2254. *Id.* at 486-87.

5

In this case, the plaintiff's submissions reveal that his criminal case is pending in state court: *State of Wisconsin v. Kendrick Jackson*, 2006-CF-000018. Thus, the plaintiff has not yet been convicted, much less sentenced. Nevertheless, the Court of Appeals for the Seventh Circuit has concluded that the *Heck* rule applies equally to claims, which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge. *Washington v. Summerville*, 127 F.3d 552, 555-556 (7th Cir. 1997).

The next question then is whether the plaintiff's claims of unlawful search and seizure, if proved, would necessarily imply the invalidity of his potential conviction of the charges against him for sexual assault, kidnapping and armed robbery. In general, wrongful arrest and unreasonable search claims are not barred under *Heck* because these types of claims do not necessarily imply the invalidity of a criminal conviction. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) ("one can have a successful wrongful arrest claim and still have a perfectly valid conviction"); *Copus v. City of Edgerton*, 151 F.3d 646, 648 (7th Cir. 1998) (unreasonable search) (citing *Heck*, 512 U.S. at 487 n.7). Recently, the Court of Appeals for the Seventh Circuit reaffirmed its holding in *Booker* that unlawful arrest claims accrue at the time of the arrest and not when the underlying criminal conviction is set aside. *Wallace v. City of Chicago*, 440 F.3d 421, 427-428 (7th Cir. 2006).

The court of appeals recognized in *Wallace* an exception to the "clear accrual rule" in the "uncommon set of cases" in which "the fact of a Fourth Amendment violation is an element of the case." *Id.* at 428. The appellate court noted that an example of such a

6

case would be where a plaintiff who is charged with or convicted of resisting arrest challenges the legality of the arrest. *Id.* In this court's opinion, the plaintiff's case does not fit into that narrow exception because the validity of his arrest is not an element of any of the charges against him.

In sum, the court concludes that the plaintiff's §1983 claims for wrongful arrest and unreasonable search are not barred by *Heck*. Therefore, the plaintiff will be allowed to proceed on such claims. However, to avoid potential confusion, inefficiency and disruption with the underlying criminal case, the court will stay this action pending conclusion of said criminal case.

**IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the case is **stayed** pending the conclusion of the underlying criminal case.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2006.

**SO ORDERED**,


s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

7